PEOPLE, PLAINTIFF AND APPELLEE, v. MARCANO ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Gambling.

No. 1030.—Decided July 28, 1916.

GAMBLING—BANKING OR PERCENTAGE GAME—LOTTO.—In order to convict a person of running a banking or percentage game other than those enumerated in section 299 of the Penal Code, as originally enacted in 1902, it is necessary that there be a person who opens, conducts, or deals the game and that he or some other person receive some gain or profit therefrom; and the act

of collecting the money and calling out the numbers in the game of lotto does not of itself prove that the defendants carried on the said game under the conditions stated. The game of lotto involved in this appeal is not included in the said section of the code nor in the amendments thereto of March 12, 1908, and March 10, 1910.

The facts are stated in the opinion.

*Messrs. M. Romany* and *F. E. Martínez* for the appellants.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal from a judgment rendered by the District Court of San Juan, Section 2, on February 21 last, in the above-entitled action after a trial *de novo* on appeal, convicting the defendants of the offense of gambling and sentencing each of them to pay a fine of $2.50, with the costs, and in default of payment to be imprisoned one day for each dollar of the fine not paid.

The action originated in the Municipal Court of Río Piedras by a sworn complaint reading, in so far as pertinent, as follows:

"I, Juan T. Acevedo, Corporal of I. P., residing in Oriente Street, Río Piedras, charge the aforesaid defendants with the violation of section 299 of the Penal Code, committed as follows: On December 22, 1915, at 1 p. m., the defendants, Arístides Marcano, Ricardo Santiago, Manuel R. Fernández, José Torres, Marcelino Pepín, Luciano González, Nicolás Rodríguez, Salvador Bayada, Alejandro Torres, Nicolás Suárez, Ventura Martínez, Martín Maisonet, Ramón Carreras, Asunción Santana and Alberto Michel, wilfully, maliciously and criminally played a percentage game known as lotto, for money, the said game being conducted by Martín Maisonet in the saloon of Manuel Rivera, situated on Comercio Street, Río Piedras, municipal judicial district of Río Piedras, which forms part of the judicial district of San Juan, fifty cents, thirty cards and ninety balls having been seized. The said offense is contrary to law."

In support of a reversal of the judgment appealed from the attorney for the appellants alleges that the court erred in overruling the demurrer to the complaint on the ground

that the facts alleged therein did not constitute a public offense, and that it also erred in dismissing the motion for nonsuit made by the appellants after the prosecution had rested.

We have examined the said complaint and the evidence introduced at the trial and although it may contain all the elements necessary to charge the offense of gambling defined and penalized by section 299 of the Penal Code, as amended by Act No. 36 of March 10, 1910, and construed by this court in the cases of *The People* v. *Benítez et al.* and *The People* v. *Ortiz et al.*, 19 P. R. R. 235 and 1076 respectively, since it charges the defendants with playing a prohibited percentage game known as lotto, for money, the game being conducted by Martín Maisonet, and we cannot insist that a complaint of this kind made by a corporal of the Insular Police and not by a prosecuting attorney shall follow the same formalities as an information; nevertheless, the evidence does not show that there was any prohibited game conducted by any of the players and carried on under the same conditions as any of the banking or percentage games specifically mentioned in said section as originally enacted when the Penal Code of 1902 went into effect. In order that the penalty may be imposed for playing a game of chance which is not expressly mentioned in the said section—and the game of lotto is not included therein nor mentioned in the amendments made by the Acts of March 12, 1908, and March 10, 1910—there must be a person who opens, conducts, or supervises the game, and he or some other person must derive some gain or benefit therefrom.

These requisites are lacking in the present case, for although the complaint alleges that Martín Maisonet conducted the game, one of the only two witnesses examined testified that Ventura Martínez collected the money and one Maisonet called out the numbers, and the other witness agreed that Maisonet was the one who called out the numbers, but neither of them gave the slightest indication as to who conducted the game or derived any benefit therefrom.

The acts of collecting the money and calling out the numbers do not show that Ventura Martínez and Martín Maisonet conducted or directed the game under the conditions already explained, and it does not appear that any other person conducted the game under such conditions.

For the reasons stated the judgment appealed from should be reversed and the defendants acquitted without costs.

*Reversed and defendants discharged.*

Justices Wolf and Aldrey concurred.
Justices del Toro and Hutchison dissented.